UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RAFAEL MERCEDES-VALDEZ,

Defendant.

No. 08-cr-1137-1 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Rafael Mercedes-Valdez, incarcerated and proceeding *pro se*, seeks (1) a reduction in his monthly payments under the Inmate Financial Responsibility Program (the "IFRP") and (2) a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. Nos. 203, 210.) For the reasons set forth below, Mercedes-Valdez's request for a reduction in his monthly IFRP payments, which the Court construes as a petition pursuant to 28 U.S.C. § 2241, is DENIED without prejudice, and his motion pursuant to 18 U.S.C. § 3582(c)(2) is DENIED because Mercedes-Valdez is not eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (the "Guidelines").

I.     Background

As he himself admitted during his guilty plea and at sentencing, Mercedes-Valdez ran a sprawling money-laundering conspiracy from the Dominican Republic in which he laundered narcotics proceeds, in part by directing his co-defendants residing in New York City to assist in the "delivery, storage[,] and transfer" of those proceeds. (Presentence Investigation Report ("PSR") ¶¶ 11–12.) On August 31, 2009, Mercedes-Valdez voluntarily travelled from the Dominican Republic to Miami, where he was arrested by agents of the United States Drug Enforcement Administration (the "DEA"), pursuant to an indictment that had been returned in the

Southern District of New York. (*See* Doc. No. 159 at 45–48.) That indictment charged Mercedes-Valdez with conspiring to launder narcotics proceeds in violation of 18 U.S.C. § 1956(h). (*See* Doc. No. 1.) Upon his arrest, Mercedes-Valdez made numerous statements to the DEA, informing them that he had been involved in the money-laundering business for approximately twenty years, during which time he had laundered an estimated $2 billion in drug proceeds. (*See* Doc. No. 159 at 30–31, 33–34; *see also* PSR ¶ 15.)

On January 14, 2010, Mercedes-Valdez pleaded guilty to the conspiracy charge (*see* PSR ¶ 3), and on August 24, 2011, the Court sentenced him to twenty years' imprisonment, three years of supervised release, a $10 million fine, and forfeiture in the amount of $2 billion (*see* Doc. No. 143 at 2–6). In calculating Mercedes-Valdez's advisory Guidelines range, the Court determined that he was the "principal and lead architect" of a vast money-laundering scheme that involved "more than five" people and imposed a four-level aggravating-role adjustment pursuant to U.S.S.G. § 3B1.1(a). (Doc. No. 159 at 106.)

In June 2023, while he was serving his sentence, Mercedes-Valdez signed an inmate financial contract, as part of his enrollment in the IFRP, in which he agreed to pay $100 per month toward the forfeiture obligation imposed at sentencing.[1] (*See* Doc. No. 207-1 at 2.) Approximately one month later, on July 31, 2023, Mercedes-Valdez submitted a letter to the Court requesting a reduction in his monthly IFRP payments from $100 per month to $25 per month. (*See* Doc. No. 203 at 2.) Mercedes-Valdez asserted that he could not afford his $100 monthly IFRP payments, which had compromised his ability to feed himself and his children. (*See id.*; *see also* Doc. No. 209-2 at 4.)

---

[1] "The IFRP, set forth in 28 C.F.R. § 545.10 *et seq.*, provides that a 'unit team shall review an inmate's financial obligations' and develop a 'financial plan' based on a formula to help the inmate meet his financial obligation." *Figueroa v. Lovett*, No. 20-cv-1517 (GLS) (ML), 2023 WL 5108368, at *4 (N.D.N.Y. July 20, 2023), *report and recommendation adopted*, No. 20-cv-1517 (GLS), 2023 WL 5097975 (N.D.N.Y. Aug. 9, 2023).

While that request was pending, Mercedes-Valdez separately moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (*See* Doc. No. 210 at 1.) Section 3582(c)(2) permits a court to reduce a defendant's term of imprisonment if that defendant had "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission." In 2023, the United States Sentencing Commission adopted Amendment 821, which made several retroactive changes to the Guidelines. *See United States v. Sardarova*, No. 20-cr-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024). Among those changes was the addition of U.S.S.G. § 4C1.1 (the "Zero-Point Offenders Adjustment"), which provides that a district court may "decrease the offense level [of a defendant] . . . by [two] levels" if the defendant satisfies eleven criteria, including that the defendant did not have any criminal-history points and did not receive an aggravating-role adjustment at the time of sentencing. Mercedes-Valdez argues that he is eligible for a sentence reduction even though he received an aggravating-role adjustment during sentencing because the factors set forth in 18 U.S.C. § 3553(a) – in particular, "the nature and circumstances of the offense, the history and characteristics of the defendant," and "the need to protect the public from further crimes of the defendant" – favor a reduction in his sentence. (Doc. No. 210 at 5–6 (internal quotation marks omitted).)

## II. Request to Reduce Monthly IFRP Payments

Mercedes-Valdez's request that the Court reduce his monthly IFRP payments fails for the simple reason that he filed his motion in the wrong court. This is because a challenge to an IFRP is construed as a habeas petition under 28 U.S.C. § 2241, *see Eaton v. Recktenwald*, No. 13-cv-4446 (KBF), 2014 WL 2200458, at *4 (S.D.N.Y. May 27, 2014), and "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions,'" *Rumsfeld v. Padilla*, 542 U.S. 426,

3

442 (2004) (quoting 28 U.S.C. § 2241(a)). In other words, habeas relief is "issuable only in the district of confinement." *Id.* (internal quotation marks omitted). Because Mercedes-Valdez is currently incarcerated in the District of New Jersey, this Court lacks jurisdiction to rule on his motion. *See, e.g.*, *United States v. Outlaw*, No. 20-cr-626 (PMH), 2023 WL 5835745, at *1 (S.D.N.Y. Sept. 8, 2023); *United States v. Roseboro*, No. 08-cr-660 (VM), 2025 WL 579677, at *1 (S.D.N.Y. Feb. 20, 2025). Accordingly, Mercedes-Valdez's request for the Court to reduce his monthly IFRP payments is DENIED without prejudice to renewal in the District of New Jersey.

### III.    Request for a Sentence Reduction

Although the Court clearly has jurisdiction over Mercedes-Valdez's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), Mercedes-Valdez does not meet the eligibility criteria for the Zero-Point Offenders Adjustment. A movant is only eligible for a sentence reduction under the Zero-Point Offenders Adjustment if, among other things, he did not receive an aggravating-role adjustment under U.S.S.G. § 3B1.1. *See* U.S.S.G. § 4C1.1(a)(10). Under section 3B1.1(a), a defendant is assessed an aggravating-role adjustment if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." At sentencing, the Court determined that Mercedes-Valdez's conduct warranted an aggravating-role adjustment. (*See* Doc. No. 159 at 106.) Indeed, the Court explicitly noted that he was "a principal and lead architect on the money laundering side" of the criminal conspiracy and that he enlisted the help of "more than five people" – including his own mother and sister – all of whom were "much less involved" yet "bore much of the risk" while Mercedes-Valdez "reaped the rewards." (*Id.* at 106, 122, 124; *see also* PSR ¶ 14.) In light of this aggravating-role adjustment, Mercedes-Valdez is plainly ineligible for a sentence reduction pursuant to Amendment 821. His motion is therefore DENIED.

\*   \*   \*

For the reasons set forth above, Mercedes-Valdez's request for a reduction in his monthly IFRP payments, Doc. No. 203, is DENIED without prejudice to renewal in the District of New Jersey. Mercedes-Valdez's motion for a sentence reduction pursuant to Amendment 821, Doc. No. 210, is also DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 210 and mail a copy of this Order to Mercedes-Valdez.

SO ORDERED.

Dated:     March 31, 2025
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation